MARK H. KRIETZMAN (SBN 126806)
VALERIE W. HO (SBN 200505)
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

George G. Matava
John R. Posthumus
Gayle L. Strong
Greenberg Traurig, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Attorneys for Plaintiff,
RE/MAX INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RE/MAX INTERNATIONAL, INC., a Colorado Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EQUITY MAX REALTY, INC., a California corporation, and RICHARD F. BONORA, an individual,<br><br>Defendants. | CASE NO. 06-CV-1345 WQH (CAB)<br><br>**(PROPOSED) STIPULATED PROTECTIVE ORDER** |

During the course of the above captioned action ("Action"), the parties or non-parties may be required to produce information that the person from whom the information is sought considers to be trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, Plaintiff RE/MAX International, Inc. ("RE/MAX") and Defendants Equity Max Realty ("Equity Max") and Richard F. Bonora ("Bonora") hereby submit this Stipulated Protective Order for consideration and entry by the Court.

1
STIPULATED PROTECTIVE ORDER    Case No. 06-CV-1345 WQH (CAB)

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS ORDERED:

1. <u>Proceedings and Information Governed</u>. This Order shall govern any documents, information or other thing furnished by either party, including a party's representatives who have a need to know, in connection with the discovery and pretrial phase of this proceeding. The information so governed includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof. The Order does not govern proceedings during trial nor does it prohibit any party from seeking a protective order to govern proceedings during trial.

2. <u>Designation of Information for Protection Under This Order</u>.

(a) Any information produced in this action that is reasonably believed by the producing party to be nonpublic, proprietary or confidential may be designated as "Confidential Information" or "Confidential - Attorneys' Eyes Only." Such designation may be made by stamping or otherwise marking the material prior to production as follows: "Confidential Information" or "Confidential - Attorneys' Eyes Only." In the case of written material, documents or tangible items, the designation "Confidential Information" or "Confidential - Attorneys' Eyes Only" shall be made by the producing party at the time the receiving party is provided a copy of the writing or thing. For multiple page documents, the designation "Confidential Information" or "Confidential - Attorneys' Eyes Only," shall be made on the first page of the documents, but shall apply to all pages of such documents unless expressly provided otherwise by the producing party. In the case of deposition testimony, a party seeking to invoke the protection of this order as to "Confidential" or "Confidential - Attorneys' Eyes Only" information shall give prompt notice thereof at the initiation, conclusion, termination, or suspension of said deposition of testimony or portion of testimony that is designated as "Confidential" or "Confidential - Attorneys' Eyes Only". In the event such notice is given, the provisions of paragraphs 12 and 13 below shall apply.

(b) Where it is determined that "Confidential Information" or "Confidential - Attorneys' Eyes Only" information has been produced, but not initially designated as such, the "Confidential Information" or "Confidential - Attorneys' Eyes Only" information can be designated as such in writing at

a later date, each party shall make a reasonable effort to retrieve documents containing the later designated "Confidential Information" or "Confidential - Attorneys' Eyes Only" information and otherwise insure that persons to whom the "Confidential Information" or "Confidential - Attorneys' Eyes Only" information has been disclosed will treat such documents accordingly.

3. <u>Confidential - Attorneys' Eyes Only Information</u>. All documents, information or other things designated "Confidential - Attorneys' Eyes Only" are included within the meaning of "Confidential Information" as used in this Order and all the provisions set forth in the Order that apply to "Confidential Information" also apply to material designated "Confidential - Attorneys' Eyes Only." However, documents, information and other things designated "Confidential - Attorneys' Eyes Only" shall not be disclosed to persons referred to in subparagraph 4(c) of this Order, except as provided in paragraph 11.

4. <u>Disclosure of Confidential Information</u>.  Information that is designated "Confidential Information" (but which is not marked "Confidential - Attorneys' Eyes Only") may be disclosed by the receiving party only to:

(a) The attorneys of record in this proceeding, each party's in-house counsel, and any attorneys retained by the parties in this action to consult on the action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide support services in this action and the employees of said organizations;

(b) Independent experts and consultants retained in this proceeding and the employees of such experts and consultants who are assisting them;

(c) The officers, directors and employees of a party;

(d) Persons who were the authors or recipients of such documents; and

(e) Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

5. <u>Distribution of Confidential Material</u>.  Unless otherwise approved by the parties in writing, no copies, summaries or abstracts of Confidential Information shall be made by parties or their counsel for distribution or for use by persons other than those designated in paragraph 4.

6. <u>Undertaking</u>.  Each person referred to in paragraph 4 hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, except clerical and stenographic personnel falling within paragraphs 4(a) or (b), and the parties as set forth in paragraphs 4(c) above, shall first execute an undertaking, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and the original undertaking shall be retained by counsel for the party so sharing the Confidential Information.

7. <u>Use</u>.  Confidential Information shall be used by the party and any other persons as authorized herein to whom it is disclosed solely in connection with this proceeding.  Confidential Information shall not be used by such party or any other persons as authorized herein for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.  No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.

8. <u>Court Procedures</u>.

(a) Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  After obtaining such separate prior order, a party that wishes to use Confidential Information in connection with any brief, argument, filing or proceeding before the Court or any judge thereof, shall do so in accordance with CivLR 79.2.  This Order does not cover the use of Confidential Information at trial.

(b) Any hearing which refers to or described Confidential Information shall in the Court's discretion be held *in camera*.

9. <u>Party's Own Information</u>.  The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use by a party of Confidential Information received from the other party.  A party is free to do whatever it desires with its own Confidential Information.

10. <u>Removal</u>.  A party may seek removal of the designation of Confidential Information of any document or information through the following procedures:

(a) The party or person seeking such removal shall give counsel of record for the other party written notice thereof, supported by reasons therefore specifying the documents, information or other thing as to which such removal is sought;

(b) If the parties cannot reach agreement concerning the matter within fifteen (15) business days after delivery (or in the case of mail, mailing) of the notice, or such other time as the Court may allow, then the party seeking the removal of Confidential Information from this Order may file and serve a motion for an order of the Court for appropriate relief. Such motion must be filed and served within fifteen (15) business days after the expiration of the fifteen-day period referred to previously. Any such motion shall be set for the earliest possible date on the Court's calendar, and shall not be continued without the consent of all parties. The party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection sought.

11. <u>Disclosure to Author or Addressee</u>. Nothing herein shall prohibit a party, or its counsel, from disclosing a document which is designated "Confidential Information" to the person who is the author or recipient of such documents as shown on the face of the document.

12. <u>Depositions</u>. Any deposition reporter who transcribes testimony in this action at a deposition shall be given a copy of this Order and shall be required to agree on the transcript of the deposition, before taking down any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or any person who transcribed such testimony except to the attorneys of record for the parties in this action. In addition, all deposition testimony and exhibits designated "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page "Confidential - Attorneys' Eyes Only."

13. <u>Exclusion From Deposition</u>. Whenever any documents, information or other things designated as "Confidential - Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as "Confidential - Attorneys' Eyes Only."

14. <u>Subpoenas</u>. In the event any person or party having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce such information, such

person or party shall promptly notify in writing the attorneys of record of the party claiming such confidential treatment of the item, documents or information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected.  If the party asserting the confidentiality makes a motion to quash or modify the subpoena, process or order, the person or party receiving the subpoena or other process or order shall comply with applicable law or order of the court having jurisdiction over such subpoena, process, order, or motion.  If no such motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

15. <u>No Waiver</u>.  Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order; nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secrets of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

16. <u>No Probative Value</u>.  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "Confidential Information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order shall be without prejudice to the right of any party to bring before the Court the question of:  (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation of

all parties, the fact that information has been designated confidential under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed in and of itself as admissible or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

17. <u>Return of Information</u>. At the conclusion of this proceeding, including all appeals, all Confidential Information and all documents which reflect such information shall, upon the request of the party furnishing such Confidential Information, be (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. In no event shall a party retain a copy of Confidential Information produced to it.

18. <u>Court's Jurisdiction</u>. The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of Confidential Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

**IT IS SO ORDERED.**

DATED: July 23, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

<u>UNDERTAKING</u>

<u>Exhibit A to Stipulated Protective Order</u>

STATE OF

              )

              ) ss.

COUNTY OF

              )

I, _____, being first duly sworn, state that:

    1.    My address is _____ _____ _____.

    2.    My present employer is _____ and the address of my employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Protective Order in case of *RE/MAX, International, Inc. v. Equity Max Realty, Inc.*, Civil Action No. 06CV1345 WQH (CAB) in the United States District Court for the Southern District of California.

    5.    I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

    6.    I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

                                                                    _____

Subscribed and sworn to before me this _____ day of _____, 20___.

1

2

_____
3
Notary Public, _____ County,_____
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

9
STIPULATED PROTECTIVE ORDER       Case No. 06-CV-1345 WQH (CAB)