UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RE/MAX INTERNATIONAL, INC., a Colorado corporation,<br><br>                                        Plaintiff,<br><br>     v.<br><br>EQUITY MAX REALTY, INC., a California corporation; and RICHARD F. BONORA, an individual,<br><br>                                        Defendants. | Civil No.   06cv1345 WQH (CAB)<br><br>**THIRD REVISED CASE MANAGEMENT ORDER FOLLOWING THE JOINT MOTION TO EXTEND DEADLINES [Doc. # 32]** |

    On October 26, 2007, the parties submitted a joint motion for extension of time regarding discovery and other pretrial procedures. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

    1.    Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than December 7, 2007**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

    **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

    2.    Any party, through any expert designated, shall in accordance with Fed. R. Civ. P.

26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **December 21, 2007**.

3. <u>All</u> discovery, including expert discovery, shall be completed on or before **January 11, 2008**.  *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

4. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **January 25, 2008**.

Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar.  **Failure of counsel to timely request a motion date may result in the motion not being heard.**

5. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

6. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **March 24, 2008**.  **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

7. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or

**before March 31, 2008**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **April 7, 2008**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

9. The final pretrial conference shall be held before the **Honorable William Q. Hayes**, United States District Court Judge, on **April 14, 2008**, at **11:00 a.m.**

10. The dates and times set forth herein will not be modified except for good cause shown.

11. All corresponding dates are vacated.

12. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:  October 30, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge